## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

RICHARD PARKS,

    Plaintiff,

           v.

YOUNG'S HEAVY HAULING LLC;
STONEWOOD INSURANCE COMPANY,
and JOHN DOE,

    Defendants.

Civil Action No.
1:24-cv-00729-SDG

## OPINION AND ORDER

This matter is before the Court on Plaintiff Richard Parks' motion to remand

[ECF 11]. For the following reasons, the motion is **DENIED**.

## I.    Background

This dispute stems from a motor vehicle collision on I-285 in DeKalb

County, Georgia.[1] Parks was driving a GMC Terrain.[2] To Parks' left, Defendant

John Doe was driving a tractor-tailer belonging to his employer, Defendant

Young's Heavy Hauling.[3] Parks alleges that the tractor-tailer began to merge into

his lane but failed to yield, slamming into the driver's side of the Terrain and

injuring Parks.[4] As a result, Parks asserts that he suffered "severe and permanent

---

[1]    ECF 1-1.

[2]    *Id.* ¶ 14.

[3]    *Id.* ¶ 15.

[4]    *Id.* ¶¶ 16–22.

damages," including medical expenses, lost income, and pain and suffering.[5] Doe left the scene of the accident without stopping.[6]

Parks filed suit in the State Court of DeKalb County, naming Doe, Young's, and Stonewood Insurance Company (Young's liability insurer) as Defendants.[7] Parks asserts a direct claim against Stonewood and negligence against Doe and Young's, as well as claims for bad-faith damages under O.C.G.A. § 13-6-11 and punitive damages.[8] Defendants removed the case based on diversity jurisdiction.[9] Parks moves to remand, contending that Defendants have failed to demonstrate an amount in controversy over $75,000.[10]

## II.   Discussion

When a case has been removed, the Court must "must determine whether it has original jurisdiction over the plaintiff's claims." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship. 28 U.S.C. § 1332. The party seeking removal

---

[5]   *Id.* ¶¶ 40–41. *See also id.* ¶¶ 51, 56.

[6]   *Id.* ¶¶ 38–39, 62.

[7]   *See generally* ECF 1-1.

[8]   *Id.* ¶¶ 31–66.

[9]   ECF 1.

[10]   ECF 11.

"bears the burden of proving that federal jurisdiction exists." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Although Parks has only questioned the amount in controversy, the Court must still satisfy itself that complete diversity exists before exercising jurisdiction. *Arbough v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[Federal courts] have an independent obligation to determine whether subject-matter jurisdiction exists . . . .").

## A.    Complete Diversity

"Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994). Thus, "*each* defendant [must be] a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original), *superseded by statute on other grounds*, 28 U.S.C. § 1367. *See also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996) (same), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

### 1.    Parks

The notice of removal asserts that Parks is a "resident" of Georgia, as does the Complaint.[11] What matters for diversity jurisdiction, however, is an individual's citizenship. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir.

---

[11]    ECF 1, ¶ 9; ECF 1-1, ¶ 2.

2013) ("[T]he allegations in [Plaintiff's] complaint about her citizenship are fatally defective. Residence alone is not enough."); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person."). Citizenship is equivalent to domicile, which is a party's "true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (quoting *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)). In response to the Court's inquiry,[12] Parks represented that his permanent address is in Georgia, and he has a Georgia driver's license.[13] Parks has demonstrated that he is a Georgia citizen.

### 2. Defendants

For purposes of assessing the motion to remand, Doe's citizenship is disregarded. 28 U.S.C. § 1441(b). The notice of removal states that Stonewood is a corporation incorporated and with its principal place of business in North Carolina.[14] Accordingly, it is a citizen of North Carolina. 28 U.S.C. § 1332(c)(1).

---

[12]   ECF 5.

[13]   ECF 7.

[14]   ECF 1, ¶ 11.

In the notice of removal, Defendants asserted that Young's principal place of business and state of incorporation are North Carolina.[15] Young's, however, is a limited liability corporation and its citizenship is determined by that of its members. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen."); *V&M Star, L.P. v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010) (quoting *Delay v. Rosenthal Collins Grp. LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)) ("[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well."). In response to the Court's inquiries,[16] Young's repeatedly explained that its sole member is Kenneth Young, who *resides* in North Carolina.[17]

Despite the references to residence, Young's attests that Young is a citizen of North Carolina who lives in Greensboro.[18]  Young lives in North Carolina; he owns Young's, which is incorporated and headquartered in North Carolina. The Court understands these attestations as representations that Young is a North

---

[15]    *Id.* ¶ 10.

[16]    ECFs 5, 13.

[17]    ECFs 8, 14, 15.

[18]    *Id.*

Carolina domiciliary—that North Carolina is the place to which Young intends to return "whenever he is absent therefrom." *McCormick*, 293 F.3d at 1257–58. *See also Daker v. Alston & Bird LLP*, No. 21-11363, 2022 WL 1224140, at *2 (11th Cir. Apr. 26, 2022) (citing *Travaglio*, 735 F.3d at 1268) ("Domicile requires residence in a state and an intention to remain in that state indefinitely."). Parks does not contest these facts and nothing in the record suggests that Young or Young's is a citizen of Georgia. Accordingly, the Court concludes that there is complete diversity of citizenship between Parks and Defendants.

### B.     Amount in Controversy

The amount in controversy is measured "on the date on which the court's diversity jurisdiction is first invoked, in this case on the date of removal." *The Burt Co. v. Clarendon Nat. Ins. Co.*, 385 F. App'x 892, 894 (11th Cir. 2010). When a plaintiff contests the amount in controversy, the removing party must show that it is met by a preponderance of the evidence. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88–89 (2014) (citing 28 U.S.C. § 1446(c)(2)(B)). The court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiff, non-sworn letters submitted to the court, or other summary judgment-type evidence. *Sutherland v. Glob. Equip. Co.*, 789 F. App'x 156, 162 (11th Cir. 2019) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)). Further, "Eleventh Circuit precedent permits district courts to make reasonable

deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Clark v. LG Elecs. U.S.A., Inc.*, 2019 WL 5686703, at *2 (N.D. Ga. Apr. 11, 2019) (quoting *Roe v. Michelin N.A., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010)). "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062.

Settlement offers may serve as evidence of the amount in controversy. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1212 n.62 (11th Cir. 2007). While not dispositive, Parks' pre-suit settlement demand is evidence in support of Defendants' assertion that the amount in controversy is satisfied. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) ("While [a] settlement offer, by itself, may not be determinative, it counts for something."); *see also Peterman v. Wal-Mart Stores Inc.*, 2013 WL 5210188, at *2 (M.D. Ga. Sept. 13, 2013) ("How much [a settlement letter] counts for [in the context of removal] depends on the content of the letter . . . . [M]ore weight should be given to a settlement demand if it is an honest assessment of damages."). Here, Parks alleges he suffered permanent injuries and pleaded special damages of at least $42,444.15.[19] Parks made a pre-

---

[19]  ECF 1-1, ¶ 56.

suit settlement demand for $430,000.[20] That demand was supported by information from the police report, a photograph of the damage to Parks' vehicle, and a description of his injuries and treatment. Parks suffered herniated and bulging discs, sprains, tendon injuries, and continuous headaches from an apparent concussion. Among other treatments, he underwent physical therapy and received a steroid injection.[21] Parks' well-documented settlement demand supports the conclusion that the amount in controversy is satisfied.

Parks' efforts to minimize this evidence in seeking remand are unpersuasive. He contends that his medical bills to date are only $48,116.35,[22] and points to decisions by other judges in this district declining to exercise jurisdiction where medical expenses were $36,000 and $29,482, respectively.[23] Those cases are distinguishable. In *Adams v. Family Dollar Stores of Ga., Inc.*, the plaintiff's pre-suit demand was only $50,000. 2021 WL 4988431 (N.D. Ga. Oct. 2021). In *Black v. Moore*, there was only a "generic scattershot list of unspecified damages." 2021 WL 5121702, at *2 (N.D. Ga. Nov. 2021). Parks' demand extensively detailed his injuries and treatments. Nor has Parks stipulated that his total damages are less

---

[20]   ECF 11-2, at 2.

[21]   *Id.* at 10–11.

[22]   ECF 11-1, at 3.

[23]   *Id.* at 4–9 (citing *Black v. Moore*, 2021 WL 5121702 (N.D. Ga. Nov. 2021), and *Adams v. Family Dollar Stores of Ga., Inc.*, 2021 WL 4988431 (N.D. Ga. Oct. 2021)).

than $75,000. While a refusal to so stipulate does not alone satisfy a defendant's amount-in-controversy burden, it may be considered "as one piece of evidence among many." *Elder v. T-Fal, Inc.*, 2007 WL 4060230, at *3 (N.D. Ga. Oct. 31, 2007) (citing *Williams*, 269 F.3d at 1320).

Moreover, Parks seeks punitive and bad-faith damages.[24] Under O.C.G.A. § 13-6-11, a plaintiff may recover his attorneys' fees and expenses of litigation when the defendant has acted in bad faith, been stubbornly litigious, or caused the plaintiff unnecessary trouble and expense. Similarly, punitive damages are available under Georgia law when a motor vehicle accident results from a pattern of dangerous driving or leaving the scene of an accident. *Lindsey v. Clinch Cnty. Glass, Inc.*, 312 Ga. App. 534, 535 (2011) (citing O.C.G.A. § 51-12-5.1(b)); *Langlois v. Wolford*, 246 Ga. App. 209, 210 (2000) (stating that the "act of leaving the scene of a collision without even speaking to the other party, as mandated by statute, was an intentional and culpable act"). Here, there is evidence that the police investigation of the accident concluded that Doe was entirely at fault and fled the scene.[25] There is also evidence in Parks' own settlement demand of several unsafe driving violations involving the same tractor-trailer that hit Parks' vehicle.[26] Punitive and

---

[24] *Id.* ¶¶ 58–59, 62.

[25] ECF 11-2, at 7.

[26] *Id.* at 13–18.

O.C.G.A. § 13-6-11 damages count toward the jurisdictional threshold. *Smith v. GTE Corp.*, 236 F.3d 1292, 1305 (11th Cir. 2001) (citing *Graham v. Henegar*, 640 F.2d 732, 736 n.9 (5th Cir. Unit A Mar. 1981)) (indicating that attorneys' fees are included in determining the amount in controversy where the award is authorized by statute); *Hall v. Travelers Ins. Co.*, 691 F. Supp. 1406, 1409 (N.D. Ga. 1988) ("Where, as here, attorney's fees are allowable by applicable law, they may be included in assessing the jurisdictional amount . . . .") (citation omitted).

Based on Parks' pre-suit settlement demand, his injuries and treatment, his refusal to stipulate to less than $75,000 in damages, Doe's own conduct, and the Court's experience and common-sense, the Court has no difficulty concluding by a preponderance of evidence that the amount in controversy is satisfied.

### III. Conclusion

Parks' motion to remand [ECF 11] is **DENIED**.

**SO ORDERED** this 25th day of March, 2025.

Steven D. Grimberg
United States District Judge